2017R00879/AMT/BAW/fk
VIKAS KHANNA
Attorney for the United States,
Acting Pursuant to 28 U.S.C. § 515
By:  BARBARA A. WARD
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel.:  (973) 645-2700
barbara.ward@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Peter G. Sheridan, U.S.D.J. |
| Plaintiff, | : | Crim. No. 22-464 (PGS) |
| v. | : | GOVERNMENT'S NOTICE OF FILING FIRST CRIMINAL FORFEITURE BILL OF PARTICULARS |
| ONUR AKSOY, | : | |
| Defendant | : | |

The United States of America, by and through Vikas Khanna, Attorney for the United States, acting pursuant to 28 U.S.C. § 515 (Barbara A. Ward, Assistant United States Attorney, appearing), submits this First Criminal Forfeiture Bill of Particulars, pursuant to Federal Rule of Criminal Procedure 32.2(a).

The United States hereby gives notice that the property subject to forfeiture upon the defendant's conviction of one or both of the objects of the conspiracy charged in Count 1 of the Indictment includes, but is not limited to, all right, title, and interest of the defendant of the property listed in the Indictment as well as the following:

    a.    Approximately 1,156 counterfeit Cisco computer networking products seized on or about July 21, 2021 from 1701 NW 93rd Ave., Doral, Florida;

    b.    Approximately $68,419.79 formerly on deposit in TD Bank account no. XXXXXX2796 held in the name of Onur Aksoy;

    c.    Approximately $204,819.89 formerly on deposit in JPMChase account no. XXXXX8633 held in the name of Onur Aksoy;

    d.    All securities and other property in TD Ameritrade account no. XXX-XX8107 held in the name of Onur Aksoy; and

    e.    Approximately $124,155.39 formerly on deposit in TD Ameritrade account no. XXX-XX8107 held in the name of Onur Aksoy.

This notice does not limit the Government from seeking the forfeiture of additional specific property or limit the Government from seeking the imposition of a forfeiture money judgment.  *See United States v. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d 660, 665 (4th Cir. 1996) (indictment need not list each asset subject to forfeiture; under Rule 7(c), this can be done with bill of particulars); *United States v. Lazarenko*, 504 F. Supp. 2d 791, 796–97 (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment give defendant notice of the forfeiture in generic terms; that government did not itemize the property subject to forfeiture until much later was of no moment); *United States v. Grammatikos*, 633 F.2d 1013, 1024 (2d Cir.1980) (notice in Indictment that Government intended to seek forfeiture pursuant to statute together with bill of particulars identifying specific forfeitable property, gave adequate notice of forfeiture); *United States v. Bellomo*, 954 F. Supp. 630, 652 (S.D.N.Y. 1997) (following *Grammatikos*); *see also United States v. Galestro*, No. 06-CR-285

(ARR), 2008 WL 2783360, *11 (E.D.N.Y. July 15, 2008) (Government does not need to file a bill of particulars specifying amount of money judgment it intends to seek); *United States v. Dubogrysov*, No. 3:06CR233 (AHN), 2007 WL 2590465, *5 (D. Conn. Sept. 5, 2007) (same; it is sufficient that government has advised defendant it will seek the amount that he profited from the crime).

Dated:  October 14, 2022

                                  Respectfully submitted,

                                  VIKAS KHANNA
                                  Attorney for the United States,
                                  Acting Pursuant to 28 U.S.C. § 515

                                  *s/Barbara A. Ward*
                                  By:  BARBARA A. WARD
                                  Assistant United States Attorney