2017R00879/AMT/BAW/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Peter G. Sheridan, U.S.D.J. |
| v. | : | Crim. No. 22-464 (PGS) |
| ONUR AKSOY, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | *(MONEY JUDGMENT)* AND PRELIMINARY ORDER OF |
| | : | FORFEITURE AS TO SPECIFIC PROPERTY *(FINAL AS TO THE* |
| | : | *DEFENDANT)* |

WHEREAS, on June 5, 2023, defendant Onur Aksoy pleaded guilty pursuant to a plea agreement with the United States to Counts 1 and 4 of the Indictment, which charged him with conspiring (1) to traffic in counterfeit goods, contrary to 18 U.S.C. § 2320(a)(1); (2) to commit mail fraud, contrary to 18 U.S.C. § 1341; and (3) to commit wire fraud, contrary to 18 U.S.C. § 1343, all in violation of 18 U.S.C. § 371 (Count 1); and mail fraud, in violation of 18 U.S.C. § 1341 (Count 4). In the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2323(b) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from any proceeds the defendant obtained that are traceable, directly or indirectly, to the conspiracy to violate 18 U.S.C. §§ 1341, 1343, and 2320, all in violation of 18 U.S.C. § 371, as charged in Count 1 of the Indictment, and the violation of 18 U.S.C. § 1341 charged in Count 4 of the Indictment. The defendant agreed

that the aggregate value of such property was $15,000,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets in an amount not to exceed $15,000,000 (the "Money Judgment").

The defendant further agreed to forfeit to the United States all of his right, title, and interest in the the specific property listed on the attached Exhibit A, which the defendant admits has the requisite nexus to the offenses charged in Counts 1 and 4 of the Indictment.

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon his in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

### *Money Judgment*

1. All property, real or personal, which constitutes or is derived from proceeds obtained by the defendant, directly or indirectly, that are traceable to the commission of the offenses charged in Counts 1 and 4 of the Indictment, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2323(b) and 28 U.S.C. § 2461(c).

2. The defendant having conceded that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds the defendant obtained, which was $15,000,000. A money judgment in the amount of $15,000,000 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2323(b) and 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.     Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment, and the proceeds from the disposition of Specific Property, in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America and deposited in the Assets Forfeiture Fund.

### *Forfeited Specific Property*

5.     As a further result of the defendant's conviction of the offenses charged in Counts 1 and 4 of the Indictment, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2323(b) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title, and interest in the property listed on the attached Exhibit A (the "Specific Property"), which the defendant admits has the requisite nexus to the offenses charged in Counts 1 and 4 of the Indictment, is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

6.     All persons or entities in possession of the Specific Property are hereby directed to transfer such property to the United States Marshals Service within 14 days of service of this Order.

7.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States, its agent, or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

8. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

10. Any person, other than the defendant, claiming an interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rules G(4) and G(5) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

11. Upon adjudication of all third-party interests, and after the defendant is sentenced and the Judgment is entered on the docket, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

### *Other Provisions*

12. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

13. Any forfeited money and the net proceeds derived from the sale of forfeited specific property (excepting the counterfeit Cisco computer networking products seized on or about July 21, 2021) will be applied to the Money Judgment, in partial satisfaction thereof.

14. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

15. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $15,000,000.

16. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: June 5, 2023

_____
HON. PETER G. SHERIDAN, U.S.D.J.

The undersigned hereby consent to
the form and entry of this Order:

VIKAS KHANNA
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515

_____   Dated: 6/5/2023
By: ANDREW M. TROMBLY
    BARBARA A. WARD
Assistant United States Attorneys

_____   Dated: 6/5/2023
ARTURO HERNANDEZ, ESQ.
RAYMOND HERNANDEZ, ESQ.
Attorneys for Defendant Onur Aksoy

_____   Dated: 6/5/2023
ONUR AKSOY, Defendant

## EXHIBIT A
## United States v. Onur Aksoy, Crim. No. 22-464 (PGS)

1. All right, title, and interest of defendant ONUR AKSOY in the real property and appurtenances known as 6783 SW 104 Street, Pinecrest, Miami-Dade County, Florida 33156, Folio: 20-5002-000-1100;

2. $30,000, to be paid to the United States Marshals Service on or before the date of the guilty plea, in lieu of the security deposit for 6783 SW 104th St., Pinecrest, Florida 33156;

3. $26,000, to be paid to the United States Marshals Service on or before the date of the guilty plea, representing the monthly payment due on or about June 1, 2023 for the rental of 6783 SW 104 Street, Pinecrest, Florida 33156;

4. Approximately $68,419.79 formerly on deposit in TD Bank account no. XXXXXX2796 held in the name of Onur Aksoy;

5. Approximately $204,819.89 formerly on deposit in JPMChase account no. XXXXX8633 held in the name of Onur Aksoy;

6. All securities and other property in TD Ameritrade account no. XXX-XX8107 held in the name of Onur Aksoy;

7. Approximately $124,155.39 formerly on deposit in TD Ameritrade account no. XXX-XX8107 held in the name of Onur Aksoy; and

8. Approximately 1,156 counterfeit Cisco computer networking products seized on or about July 21, 2021 from 1701 NW 93rd Avenue, Doral, Florida.