## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIM. NO. 22–00464 (PGS)** |
| **v.** | |
| **ONUR AKSOY,**<br>**a/k/a Ron Aksoy,**<br>**a/k/a Dave Durden,** | **OPINION AND ORDER** |
| **Defendant.** | |

**SHERIDAN, U.S.D.J.**

**THIS MATTER** having come before the Court on the Government's motion ("Motion") pursuant 18 U.S.C. § 3771(d)(2) for alternative victim notification (ECF No. 60); and the Court being advised that "the Government has conferred with defense counsel regarding this application, and the defendant does not oppose the requested relief" (*id.* p. 6); and the Court finding:

1.     On June 5, 2023, defendant Onur Aksoy entered a plea of guilty to: (a) one count of conspiring from 2013 through 2022 in violation of 18 U.S.C. § 371 to traffic in counterfeit goods in violation of 18 U.S.C. § 2320(a)(1), to commit mail fraud in violation of 18 U.S.C. § 1341, and to commit wire fraud in violation of 18 U.S.C. § 1343; and (b) one count of mail fraud committed on December 18, 2019 in violation of 18 U.S.C. § 1341.  (ECF No. 43 pp. 3, 5, 6; ECF No. 44 pp. 1, 10, 11; ECF No. 45 p. 1; ECF No. 48 p. 1.)  Specifically:

> Aksoy admitted under oath to operating Pro Network . . .
> [and] . . . subsidiary business entities, . . . [which]
> purported to be in the business of selling genuine, high-
> quality computer networking equipment, including
> equipment manufactured by Cisco [Systems, Inc.
> ("Cisco")]. He admitted that . . . he, through Pro Network,
> in fact knowingly imported low-quality, counterfeit, and
> fraudulent Cisco equipment from illicit suppliers in China
> and Hong Kong and then, through Pro Network,
> knowingly resold those devices as new, genuine, and high-
> quality Cisco devices to others. . . . Aksoy, through this
> scheme, imported and resold tens of thousands of these
> fraudulent and counterfeit devices, genuine versions of
> which would have retailed for hundreds of millions of
> dollars.

(ECF No. 60 p. 2.)

2.    Pursuant to the plea agreement, Aksoy agreed to pay restitution to Cisco

and — as is relevant here — all those who purchased counterfeit products

("Counterfeit Products") from Aksoy, Pro Network, or subsidiaries and entities

related to Aksoy and Pro Network. (ECF No. 44 p. 5.) The Government believes

that Aksoy sold in excess of 61,000 Counterfeit Products to the unsuspecting victim-

purchasers through: (a) electronic-commerce platforms operated by third parties

such as Amazon and eBay; (b) direct sales; and (c) websites operated by Pro

Network. (*Id.*; ECF No. 4 pp. 12, 13.)

3.    The Court will conduct Aksoy's sentencing in the near future. Also,

approximately ninety days following the sentencing, the Government will seek to

2

conduct a separate restitution hearing to permit any victim-purchasers not yet identified by the Government to come forward. (*See generally* ECF Nos. 60, 60-1.)

4.   The Government now seeks authorization to provide the required notifications about the status of this criminal case through an "online publication direct[ing] potential victims to the . . . website [of the Office of the United States Attorney]," because the number of potential victim-purchasers at issue makes individual notifications "impracticable." (ECF No. 60 pp. 4, 5.) The Government did not cite the specific website address that it has created in the papers filed in support of the Motion for review by the Court, but the Court has confirmed on its own that the Government has already launched a website containing the online publication notice. *See https://www.justice.gov/usao-nj/united-states-v-onur-aksoy-pro-network.* The website includes links that: (a) provide status updates; and (b) enable the victim-purchasers to submit questionnaires with restitution claims. (ECF No. 60-1 p. 2.)

5.   The purchasers of the Counterfeit Products are crime victims, as they were "directly and proximately harmed as a result of the commission of [the] Federal offense [at issue]" to which Aksoy has entered a plea of guilty. 18 U.S.C. § 3771(e)(2). As a result, the victim-purchasers have a "right to reasonable, accurate, and timely notice" of any public court proceedings in this case. 18 U.S.C. § 3771(a)(2).

6.     "Officers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime . . . [must] make their best efforts to see that crime victims are notified of, and accorded, the[ir] rights."  18 U.S.C. § 3771(c)(1). The Government is indeed authorized to provide notice by publication on a website in this type of case where the number of crime victims at issue is large.  *See* 18 U.S.C. § 3771(d)(2) (concerning "[m]ultiple crime victims").   However, even though Aksoy does not oppose the Motion (*see* ECF No. 60 p. 6), the Court has "an affirmative obligation" to ensure that the victim-purchasers are being afforded their notification rights.  *United States v. Schessel*, Crim. No. 22-00374, 2022 WL 17094777, at *1 (D.N.J. Nov. 21, 2022) (addressing a motion for alternative victim notification); *see* 18 U.S.C. § 3771(b)(1).

7.     The Court has been advised that the Government has been unable to fully identify and locate all of the victim-purchasers, and that as a result it is impracticable for the Government to provide the victim-purchasers with reasonable, accurate, and timely notification by mail about this case and any future proceedings herein.  As noted above, the Government estimates that there is in excess of 61,000 such victim-purchasers.  Thus, the Government argues:

> Neither the Government nor the Court has the resources to accord all of the victims the [required] notice. . . . [I]t is unlikely that the Government will be able to identify,

4

> locate, and provide timely and accurate notification to all
> of the victims in this case prior to its conclusion.
> Accordingly, the task of tracking down and individually
> notifying the victims is likely to be cost-prohibitive
> relative to any potential recovery by the victim.

(ECF No. 60 p. 4.)

8.     Under circumstances such as those presented here, where "the number of crime victims makes it impracticable to accord all of the crime victims the[ir] rights," the Court is authorized to "fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

9.     The Court finds that: (a) the "multiple crime victims" provision of 18 U.S.C. § 3771(d)(2) applies here; (b) it is impractical for the Government to identify all of the direct and proximate victims of the offenses at issue on an individual basis at this time without unduly complicating or delaying this matter; and (c) notice by publication on a website is "a reasonable procedure" to give effect to the provisions of 18 U.S.C. § 3771.

10.     This type of victim-notification procedure has been approved by other District Judges within the District of New Jersey for criminal cases wherein defendants had similarly entered a plea of guilty and were awaiting sentencing. *See United States v. Goettsche,* Crim. No. 19-00877, ECF No. 184 pp. 1, 2 (D.N.J. Feb.

11, 2021) (granting — in a case involving thousands of investor-victims during a period of several years — the Government's motion for alternative victim notification via a website after defendants had entered pleas of guilty to conspiracy to offer and sell unregistered securities and were awaiting sentencing); *United States v. GEO Specialty Chemicals, Inc.*, Crim. No. 16-00290, ECF No. 13 p. 1 (D.N.J. June 22, 2016) (granting — in a price-fixing case involving hundreds of municipalities and paper companies purchasing the product at issue over a fourteen-year period — the Government's motion for alternative victim notification via a website after defendant had entered a plea of guilty to violating the Sherman Act and before sentencing); *United States v. DSBD, LLC*, Crim. No. 12-00274, ECF No. 7 p. 1 (D.N.J. Apr. 23, 2012) (granting — in a bid-rigging case involving thousands of tax liens auctioned off by several New Jersey municipalities and thereby affecting thousands of underlying property owners over a four-year period — the Government's motion for alternative victim notification via a website after defendant had entered a plea of guilty to violating the Sherman Act and before sentencing); *see also Schessel*, 2022 WL 17094777, at *2, *5 (granting the Government's motion for alternative victim notification via a website in a case wherein securities-fraud charges remained pending and wherein there were allegedly thousands of victims); *cf. United States v. Freedman*, Crim. No. 08-00335, 2009 WL 3784961 (N.D. Ohio Nov. 10, 2009) (case from outside of the District of New Jersey

cited by Government); *United States v. Peralta*, Crim. No. 08-00233, 2009 WL 2998050 (W.D.N.C. Sept. 15, 2009) (same); *United States v. Saferstein*, Crim. No. 07-00557, 2008 WL 4925016 (E.D. Pa. Nov. 18, 2008) (same); *United States v. Saltsman*, Crim. No. 07-0064, 22 (E.D.N.Y. Nov. 27, 2007) (same); *United States v. Stokes*, Crim. No. 06-00204, 2007 WL 1849846 (M.D. Tenn. June 22, 2007) (same).

Accordingly,

**IT IS** on this   **12th**   day of   **April 2024   ORDERED** that:

1.      The Motion (**ECF No. 60**) is GRANTED as unopposed.

2.      The Government is authorized to comply with 18 U.S.C. § 3771 by providing notice of upcoming court proceedings in this case by publication in the manner set forth above.

3.      The Government shall: (a) file an affirmation by **April 15, 2024** confirming that it has created the website discussed above; and (b) include the direct website link in its affirmation.

4.      The sentencing of defendant Onur Aksoy shall proceed accordingly.

**PETER G. SHERIDAN**
**UNITED STATES DISTRICT JUDGE**

7